[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
These are post-judgment motions filed subsequent to a final judgment in a dissolution action seeking to modify the order of custody.
After a full hearing, based on a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
Judgment entered dissolving the marriage the parties on July 9, 1992. Under the terms of the judgment, the parties share joint legal and physical custody of the minor children, Bretney Melissa Moore, born April 2, 1985 and Sarah Elizabeth Moore, born June 24, 1987.
In addition to providing for said residence and custody, the parties agreed to reside within thirty minutes travel time from the children's school district which at that time was the Chester School District. The children have continuously attended the Chester Elementary School from the date of judgment through the present time. From the time of judgment, the children's residency has been shared by the parties.
In the spring of 1994, the plaintiff moved her residence from Chester the Town of Putnam. At that time, the defendant was residing in Middletown but continued to maintain the children in the Chester School System.
In order to continue the children in the Chester School, the defendant father moved to Chester on September 1, 1994. He still resides there.
On about August 30, 1994, the plaintiff, in violation of the court orders, removed the children from the rolls of the Chester Schools and enrolled the children in the Putnam System.
In response to various motions filed by the parties, the court, in September 6, 1994, ordered that the children reside with the defendant during the week and attend school in Chester. Weekends were equitably divided between the parties. The court CT Page 6211 also ordered that the matter be referred to the Family Relations Division for a custody evaluation.
The plaintiff agreed to reside in Chester commencing November 1, 1994, and based on said representation the parties agreed to split the week with regard to access to the children and such agreement was accepted and ordered by the court, (Higgins, J.), on October 31, 1994.
The plaintiff contends that she cannot afford to maintain a residence in Chester and now resides with a male companion in Putnam, Connecticut. The plaintiff also has access to her parents home located in Haddam, Connecticut.
The court expressly finds that it would be in the best interest of the children to remain in the Chester School System. That joint legal custody is also in the best interest of the children. Shared physical custody is not in the best interest of the children where the plaintiff has removed herself to Putnam, Connecticut, where shared physical custody would result in the children being required to travel the relatively great distance from Putnam to Chester.
The plaintiff has adopted a life style and has made her choice as to how and where she resides. Any change in circumstances in self wrought on the part of the plaintiff. The modification she requests would result in the children's destabilization as to school and friends and further, would reverse roles and require the defendant to make the long trips in order to visit the children.
The fact that the plaintiff is living with a male companion in no way affects the decision of the court. He testified in court leaving the impression that he is a caring person and that his influence would not be detrimental to the children and in fact would be positive.
The court finds the evaluation and recommendations of the Family Services Unit reflect a disposition of the parties' motions that further the bests interests of the children.
Accordingly, the plaintiff's motion for modification is denied and the defendant's motion for modification is granted.
The plaintiff and defendant are to continue to have joint CT Page 6212 legal custody of the minor children, but the primary residence of the children will be in Chester, Connecticut with the defendant father.
Visitation and access is to be as recommended in the custody evaluation report as follows:
ACCESS
A. Regular access
1. The mother will have access every other Friday from 5:00 p.m. until Sunday at 7:00 p.m. If the next day, Monday, is a school holiday, access will continue until Monday at 7:00 p.m.
2. The mother will have access every Wednesday from after school until 7:00 p.m. This access is to be nearer to Chester and confined to Chester and the nearby vicinity.
3. During the week following mother's weekend access, mother will also have the option to exercise access to the children on Thursday from after school until 7:00 p.m. (This is in addition to Wednesday.)
B. Holiday access (exception to regular access)
1. Mother's Day/Father's Day — with the respective parent from 10:00 a.m. until 7:00 p.m.
2. Thanksgiving weekend — in even numbered years with the mother from 10:00 a.m. Thanksgiving Day until Sunday at 7:00 p.m. Father will have Thanksgiving weekend in odd numbered years.
3. Christmas — in even numbered years with the father from Christmas Eve until noon on Christmas Day. Mother begins access at noon on Christmas Day and keeps the children until December 28 at 7:00 p.m. — odd numbered years with the mother from Christmas Eve at 4:00 p.m. until Christmas Day at noon. Father begins access at noon on Christmas Day until December 28 at 7:00 p.m. at which time mother will have the children until January 1 at 7:00 p.m.
4. Easter — in odd numbered years with mother from 10:00 a.m. until 7:00 p.m. and in even numbered years with the father. CT Page 6213
C. Vacation access
 1. School vacations In even numbered years the mother will have first choice of school vacations (February or April). She will notify the father by January 1 of her choice. In odd numbered years father has first choice and will notify mother by January 1 of his choice.
 2. Summer vacation The parents will have the option to exercise up to 3 weeks of summer vacation with the girls, two (2) weeks of which may be consecutive. Mother will have first choice in odd numbered years and father in even numbered years. The parents will provide one another with notice, at least 60 days in advance, of their chosen weeks.
D. Miscellaneous
 1. Relocation The parents will provide one another with at least 30 days advance written notice of their intention to move within the state and at least 60 days advance written notice of their intention to move out of state.
Notice will minimally contain date of move and new address.
 2. Phone access The children will not be denied reasonable, unhampered telephone access to either parent.
 3. Transportation The parents will use the Crystal Mall in Waterford as a meeting place for transfer of the children unless they can agree on another location.
 4. If either parent plans to take the children out of state for more than 48 hours, they will provide the other parent with their destination and telephone number.
The courts' resolution of this matter has been influenced by the plaintiff's removal to Putnam. If the plaintiff maintains a residence within a reasonable distance from Chester (20 — 30 minutes), the court would entertain a motion to reestablish shared physical custody. So ordered. CT Page 6214
SPALLONE STATE TRIAL REFEREE